UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORI S. HOLMES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV-09-0257-CI<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 19, 27.) Attorney Maureen Rosette represents Lori S. Holmes, (Plaintiff); Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits and Supplemental Security Income (SSI) on March 31, 2004. (Tr. 194.) She alleged disability due to lead poisoning, copper slivers, skin problems, carpal tunnel syndrome, hip and lower back problems, and depression. (Tr. 172, 619.) She alleged an onset date of February

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

10, 2000. (Tr. 143.)  Benefits were denied initially and on reconsideration.  Plaintiff timely requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard Say on June 27, 2007.  (Tr. 601-28.)  At the hearing, Plaintiff's representative amended the alleged onset date to December 2002 when she last worked.  (Tr. 607.)  Plaintiff and vocational expert Tom L. Moreland (VE) testified.  The ALJ denied benefits on July 16, 2007, and the Appeals Council denied review.   (Tr. 55-72, 7-10.)   The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence

supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

      until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

      The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

### STATEMENT OF THE CASE

      The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 45 years old, single, and living in a trailer with two friends. She had a high school equivalency degree and two years of community college. (Tr. 604-06.) She had past work experience as care giver, a smelter laborer, a taxi driver, and an

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

inventory clerk. Her last job was as a taxi driver, which she quit due to her dermatitis and alopecia in 2002. (Tr. 609.) She explained her skin problems and lack of hair made her self-conscious and she did not want to be out in public. (Tr. 618-20.) She also testified that in spite of surgery, she still suffered symptoms of carpal tunnel syndrome which made it difficult for her to drive long distances. She reported she did not take prescription medication for her symptoms. (Tr. 586.) Plaintiff testified she was able to lift thirty pounds but had problems picking up and holding on to things due to hand numbness caused by carpal tunnel symptoms. She stated she could sit for about an hour, stand for a half hour, walk a couple of miles, and had no problem with steps. (Tr. 612-13.) She reported she could write for about ten minutes at a time before she had to stop due to hand cramps. (Tr. 614-15.) She also reported problems with depression. (Tr. 619.)

## ADMINISTRATIVE DECISION

At step one, ALJ Say found Plaintiff had not engaged in substantial gainful activity during the relevant period. (Tr. 60.) At step two, he found Plaintiff had severe impairments of "bilateral carpal tunnel syndrome, status post releases, osteoarthritis of the right knee status post arthroscopy, and depression." (Tr. 61.) After a discussion of the medical evidence, ALJ Say found the medical diagnoses in the record of dermatitis, hip pain, and lupus were non-severe impairments. (Tr. 67.) At step three, he found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (*Id*.) At step four,

1  the ALJ determined Plaintiff had the residual functional capacity
2  (RFC) to perform light work, with the ability to "frequently climb
3  ramps or stairs and occasionally climb ladders, ropes, or
4  scaffolds." (Tr. 67.) Other non-exertional limitations identified
5  were occasional stooping, crouching, crawling, and kneeling, the
6  avoidance of vibration, and the avoidance of copper, lead, and other
7  metal dust. ALJ Say determined Plaintiff was capable of multi-step,
8  detailed tasks, superficial public contact, but would respond slowly
9  to transition and change. (Tr. 67-68.)

10  In his step four findings, the ALJ summarized Plaintiff's
11  testimony and determined she was less than fully credible. (Tr. 68-
12  69.) Based on the RFC and VE testimony, the ALJ concluded Plaintiff
13  could still perform her past work as a taxi driver as she previously
14  performed it. (Tr. 70.) Because the DICTIONARY OF OCCUPATIONAL TITLES
15  describes taxi driver as "medium level" work, the ALJ proceeded to
16  step five and found there were other light, unskilled jobs Plaintiff
17  could perform in the national economy such as assembler of small
18  electronic products, electrical assembly, and laundry worker. (Tr.
19  70-71.) He concluded Plaintiff had not been under a disability as
20  defined by the Social Security Act from December 31, 2002, through
21  the date of his decision. (Tr. 71.)

**ISSUES**

23  The question is whether the ALJ's decision is supported by
24  substantial evidence and free of legal error. Plaintiff argues the
25  ALJ erred when he: (1) found her testimony was not credible; and (2)
26  rejected the opinions of examining psychologist Frank Rosekrans,
27  Ph.D., and mental health counselor Shari Lyszkiewicz, M.S., L.M.H.C.
28

Plaintiff also contends remand is necessary for the consideration of new mental health records obtained after the ALJ's decision was rendered and reviewed by the Appeals Council.[1] (Ct. Rec. 20, 29.)

**DISCUSSION**

**A.   Credibility**

When the ALJ finds a claimant's statements as to the severity of impairments, pain, and functional limitations are not credible,

---

[1] When the Appeals Council considers evidence submitted after the ALJ's decision in the context of denying review, the issue on appeal to federal court becomes whether the record is limited to the evidence presented to the ALJ or also includes the new evidence submitted to the Appeals Council, but never seen by the ALJ.  In the Ninth Circuit, when the Appeals Council specifically considers new materials in the context of denying a claimant's request for review, "we consider the rulings of both the ALJ and the Appeals Council," and the record includes the ALJ's decision as well as the new evidence. *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996); *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993).  If the new evidence shows there is a reasonable possibility that it would change the outcome of the ALJ's determination, then remand is appropriate to allow the ALJ to consider the evidence. However, if the substantial weight of the evidence is irrefutably clear that the claimant *is* disabled, then a remand for benefits is appropriate. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).  Because the Appeals Council considered Plaintiff's new mental health records, (Tr. 7-8), the new evidence is part of the record on review by this court.

the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). It is well-settled, however, that an ALJ cannot be required to believe every allegation of disabling symptoms, even when medical evidence exists that a claimant's condition may produce alleged symptoms. Although a medical condition may produce impairments, they may not be severe enough to preclude gainful employment. *See Fair v. Bowen*, 885 F.2d 597, 603(9th Cir. 1989).

If there is no affirmative evidence of malingering, the ALJ must provide "clear and convincing" reasons for rejecting a claimant's symptom testimony. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying impairment, and that the impairment, or combination of impairments, could reasonably be expected to cause "some degree of the symptom." *Lingenfelter*, 504 F.3d at 1036. Once the first test is met, the ALJ must evaluate the credibility of the claimant and make specific findings supported by "clear and convincing" reasons. *Id.*

Although an adjudicator may not reject a claimant's complaints solely on a lack of objective medical evidence to support the degree

of severity alleged, medical evidence is a relevant factor to consider. *Social Security Ruling* (*SSR*) 96-7p.[2] In addition, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in her allegations of limitations or between her statements and conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d at 597 n.5.

The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). As explained by the Commissioner in his policy ruling, the ALJ need not totally reject a claimant's statements; he or she may find the claimant's statements about pain to be credible to a certain degree, but discount statements based on an interpretation of evidence in the record as a whole. *SSR* 96-7p. The ALJ may find a claimant's abilities are affected by the symptoms alleged, but "find only partially credible the individual's statements as to the extent of the functional limitations." *Id*.

Here, there is no finding of malingering. After summarizing

---

[2] Social Security Rulings are issued to clarify the Regulations and policy. They are not published in the federal register and do not have the force of law. However, under the case law, deference is to be given to the Commissioner's interpretation of the Regulations. *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell*, 947 F.2d at 346 n.3.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

Plaintiff's testimony, the ALJ specifically noted Plaintiff's allegations that she could not work because of carpal tunnel symptoms and her skin problems and hair loss that caused her self-consciousness. (Tr. 68.) He also noted her alleged limitations in handling, walking, sitting and driving. In his credibility findings the ALJ specifically referenced evidence, including Plaintiff's own statements, that is inconsistent with the alleged degree of limitation. (Tr. 68-69.) For example, he noted negative test results for systemic lupus, no report of lupus symptoms and medical opinions from specialists that she would be able to return to full time work at her previous careers. (Tr. 69.) He also noted the observation of a medical provider that Plaintiff had calluses on her hands suggestive of physical activity. (*Id*.) Significantly, the ALJ found Plaintiff was less than candid at the hearing and in the medical record regarding her past drug use, including the fact that she was fired for a positive methamphetamine test. (Tr. 69, 424.) These are "clear and convincing" reasons to discount a claimant's credibility. *Verduzco v. Apfel,* 188 F.3d 1087, 1090 (9th Cir. 1999). Also included in the ALJ's credibility findings were references to reports from two medical sources regarding Plaintiff's truthfulness. (*Id*.) Two examining physicians reported that on examination, Plaintiff presented a bag of tobacco and pieces of wood or other vegetable matter and stated they were metal bits that had been expelled from her skin as a result from her work at a smelter. (Tr. 426, 496.) The ALJ reasonably found these reports (and laboratory reports confirming the materials were not metal) impugned Plaintiff's credibility. (Tr. 69.) The ALJ articulated specific,

clear and convincing reasons for finding Plaintiff's allegations not entirely credible.

## B. The Psychological Evaluations

Plaintiff contends the ALJ erred in finding her only mental limitations in performing work activities are a restriction to superficial public contact and slow response to transition and change. (Ct. Rec. 20 at 16; Tr. 68.) She argues this finding is based on legal error because the ALJ improperly relied on the opinions of James Bailey, Ph.D., who rendered his opinions in 2000, based on a review of the records. She further contends the ALJ did not give legally sufficient reasons for rejecting the opinions of Shari Lyszkiewicz, M.S., a mental health therapist under the supervision of Frank Rosekrans, Ph.D., who examined Plaintiff in 2006. (Ct. Rec. 20 at 17.) Plaintiff properly asserts that the opinions of Dr. Bailey pre-date her amended onset date (December 31, 2002). Therefore, she argues, the ALJ's assignment of "great weight" to Dr. Bailey's opinions because they are consistent with the record as a whole is not supported by substantial evidence and based on legal error. (*Id.* at 18; Tr. 405-07.)

In disability proceedings, the ALJ evaluates the medical evidence submitted and must explain the weight given to the opinions of accepted medical sources in the record. 20 C.F.R. §§ 404.1527, 416.927. A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining reviewing or consulting physician's opinion. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The

Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Lester*, 81 F.3d at 830. If the medical opinion is contradicted, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews,* 53 F.3d at 1043.

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604. The ALJ need not accept a treating source opinion that is "'brief, conclusory and inadequately supported by clinical findings.'" *Lingenfelter*, 504 F.3d at 1044-45 (*quoting Thomas*, 278 F.3d at 957). Medical opinions based on a claimant's subjective complaints may be rejected where the claimant's credibility has been properly discounted. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005)(credibility properly considered in evaluating medical evidence); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Rejection of a medical source opinion is specific and legitimate where the medical source's opinion is not supported by his or her own medical records and/or objective data. *Tommasetti*, 533 F.3d at 1041.

Here, Dr. Bailey, upon whom the ALJ relied in his RFC determination, is not an examining physician. (Tr. 69, 405-22.) As

a non-reviewing agency psychologist, his opinions do not carry as much weight as those of Dr. Rosekrans and his associate, who examined Plaintiff twice in 2006.  Further, Dr. Bailey reviewed the medical evidence in December 2000.  (Tr. 407.)  At that time, Plaintiff had not been diagnosed with depression.  The record shows Plaintiff's depression developed over the years after 2000, as a result of ongoing medical problems arising from the diagnosed carpal tunnel syndrome and surgeries, dermatitis, and unresolved alopecia, whose etiology remained undetermined during the claimed period of disability.  (Tr. 461, 537-38, 559.)  In his December 2000 Psychiatric Review Technique Form, Dr. Bailey did not identify a diagnosis of depression or mood disorder. (Tr. 409.)  Further, in his assessment of Plaintiff's mental limitations, Dr. Bailey did not consider the effects of depression, which the ALJ found was a severe impairment at step two.  The ALJ's reliance on Dr. Bailey's opinions based on records predating Plaintiff's alleged onset date is not supported by substantial evidence and is based on legal error.

    The record shows Plaintiff was diagnosed formally with a mood disorder with depressive features in January and June of 2006 by Dr. Rosekrans and associate.  (Tr. 537.)  As noted above, the ALJ credited this diagnosis when he found Plaintiff had the severe impairment of depression.  (Tr. 61.)  Although the ALJ discussed Dr. Rosekrans' findings, (Tr. 66), he did not reject specifically the marked mental functioning limitations assessed during the relevant period. (Tr. 541, 549.)  His reasoning that she "gets out in public despite her reluctance to wear wigs" is not sufficiently specific or "clear and convincing" to reject marked limitations in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

Plaintiff's ability (1) to interact with the public in a work environment; and (2) "respond appropriately to and tolerate the pressures and expectations of a normal work setting." (Tr. 69, 541.)[3] Further, the hypothetical presented by the ALJ to the VE at steps four and five did not include the unrejected moderate and marked limitations assessed by Dr. Rosekrans, rendering the VE testimony unsupported by substantial evidence. (Tr. 623.) *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Because the ALJ's mental RFC determination is not supported by substantial evidence and is based on legal error, reversal and remand is necessary.

**C.  Remedy**

There are two remedies when the ALJ fails to provide adequate reasons for rejecting the opinions of an examining psychologist. The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law." *Lester,* 81 F.3d at 834; *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Under the alternate approach found in *McAllister*, *supra,* a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion. *See also Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (*citing McAllister*).

The court has discretion to remand a case for additional

---

[3] The 2006 psychological evaluations are not contradicted by relevant medical evidence; therefore, "clear and convincing" reasons must be given to reject Dr. Rosekrans' opinions. *Lester*, 81 F.3d at 830.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

proceedings and findings or to award benefits. *Smolen*, 80 F.3d at 1292. An immediate award of benefits is appropriate when there are no outstanding issues to be resolved, and it is clear from the record the ALJ would be required to find the claimant disabled were the improperly rejected evidence credited. *Id*. However, where evidence has been identified that may be a basis for rejecting a medical the opinion, but the findings are not articulated, remand is the proper disposition. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990). Here, it is not clear from the record that Plaintiff is disabled due to the diagnosed mood disorder in combination with other established functional limitations. The ALJ identified evidence and made findings impugning Plaintiff's credibility that are amply supported by the record, including evidence regarding Plaintiff's failure to seek treatment for psychological issues. Further, there is reference in the psychological reports to elevated scores in objective testing, but the ALJ failed to consult a medical expert to explain the significance of these scores and other objective test results. Without additional evidence and findings, the record does not conclusively establish disability. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 19)** is **GRANTED** and the matter is **REVERSED AND REMANDED** to the Commissioner for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and this decision. **On remand, the ALJ also shall consider new evidence submitted by Plaintiff to the Appeals Council, obtain medical expert testimony and explain what weight, if any, is given**

**in his new decision.**

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 27)** is **DENIED**.

3. Application for attorney fees may be made by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff, and the file shall be **CLOSED.**

DATED January 14, 2011.

              s/ CYNTHIA IMBROGNO
         UNITED STATES MAGISTRATE JUDGE